[Cite as *Williamson v. Tucker*, 2022-Ohio-1536.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| Cecilia Williamson | Court of Appeals No. S-21-021 |
| Appellant | Trial Court No. CVI2100622 |
| v. | |
| David Tucker, Jr. | **DECISION AND JUDGMENT** |
| Appellee | Decided: May 6, 2022 |

* * * * *

Cecilia Williamson, Pro se.

* * * * *

**MAYLE, J.**

{¶ 1} Following a bench trial in small claims court, plaintiff-appellant, Cecilia Williamson, appeals the October 18, 2021 judgment of the Fremont Municipal Court, Small Claims Division, in favor of defendant-appellee, David P. Tucker, Jr. For the following reasons, we affirm the trial court judgment.

## I.    Background

{¶ 2} Cecilia Williamson filed a small claims complaint against David Tucker, Jr. She claimed that on December 1, 2020, she went shopping with Tucker and made various purchases and cash withdrawals on his behalf with the understanding that he would pay her back.  When she took him home, he informed her that he did not have any money. He suggested that she allow her male dog to breed with his female dog, they could sell the puppies, and the proceeds of the sale of the puppies could be used to reimburse her. Williamson maintained that the dogs bred, puppies were born, and Tucker refused to sell the puppies or give them to her.  She claimed that Tucker owes her $5,914.00.

{¶ 3} Williamson's complaint was scheduled for trial.  Both parties appeared and testified, and Williamson brought an additional witness and copies of receipts or bank statements showing various purchases, withdrawals, and bank fees.

{¶ 4} Tucker denied that he had gone shopping with Williamson or that she made purchases on his behalf.  He acknowledged that there was a time that they agreed to try to breed their dogs, but he insisted that his dog did not get pregnant with her dog's puppies. Williamson's witness testified that she knows that the two dogs did breed, but she "never personally got to see the puppy dogs."  She said she listened to a phone conversation between Williamson and Tucker during which Tucker told Williamson he would give her a puppy, and Williamson demanded that Tucker give her a puppy or her money.

2.

{¶ 5} After taking the matter under advisement, the court issued a written decision granting judgment to Tucker. The court found that Williamson did not prove her case by a preponderance of the evidence.

{¶ 6} Williamson appealed. She assigns the following error for our review:

I feel I was unjustly not found in my favor. The appellee didn't have any witnesses nor evidence to prove his innocen[ce] on the case. I did have my evidence as have been shown to the courts. I also feel the judge wrongfully didn't find in my favor. Saying I didn't have proof. Which I did and a physical witness with me. If you look at the transcript you can see appellee lied in the courts.

{¶ 7} Tucker did not file a brief on appeal.

## II.   Law and Analysis

{¶ 8} In her assignment of error, Williamson argues that the trial court should have entered judgment in her favor because she offered evidence of charges incurred during the shopping trip and presented the testimony of a witness who was not a party to the case. She insists that Tucker lied at trial and that this is apparent from the transcript.

{¶ 9} Williamson's assignment of error is, in essence, a challenge to the manifest weight of the evidence. *See Sharon L. Batesole, Tonya Refro v. Ralph Smith d/b/a R & R Serv. Ctr.*, 6th Dist. Sandusky No. S-94-020, 1995 WL 458782, *4 (Aug. 4, 1995) (interpreting appellants' argument as a manifest-weight challenge where appellants

3.

asserted that the court erred when it failed to grant judgment in their favor for breach of an oral express warranty); *Johnson v. V & I Dev. Corp.,* 6th Dist. Lucas No. L-89-301, 1990 WL 106452, *1 (July 27, 1990) (interpreting appellant's assignment of error as a manifest-weight challenge). The standard of review for manifest weight is the same in a civil case as in a criminal case. *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17. We must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Id.* at ¶ 20. In doing so, however, we must be mindful of the presumption in favor of the finder of fact. *Id.* at ¶ 21.

{¶ 10} This last point is crucial here because Williamson's position revolves entirely around her belief that the trial court erred in its credibility determinations. The trial court "is the arbiter of witness credibility." *Aslam v. Grand Aire Express*, 6th Dist. Lucas No. L-02-1002, 2002-Ohio-2641, ¶ 6, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). "When reviewing a civil manifest weight claim, the appellate court has the obligation to presume the findings of the trier of fact are correct because the trial judge had the opportunity to assess the witnesses' demeanor and credibility." *Tinney v. Tite*, 6th Dist. Huron No. H-11-006, 2012-Ohio-2347, ¶ 10, citing *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. We

4.

cannot reverse a decision simply because we hold a different opinion concerning the credibility of the witnesses and evidence submitted to the trial court. *Id.* A difference of opinion on credibility of witnesses and evidence is not a legitimate ground for reversal. *Seasons Coal Co.* at 81. To the contrary, "[w]here there is a conflict in the evidence, we cannot substitute our view for that of the trier [of fact], except where the decision is completely wrong." *Tinney* at ¶ 10, quoting *Payne v. Kerr,* 4th Dist. No. 1233, 1986 WL 11028 (Sept. 15, 1986).

{¶ 11} Here, the trial court heard testimony from Williamson, Tucker, and Williamson's witness. The court was faced with a conflict of evidence: Williamson said that she took Tucker shopping and made purchases for him with the understanding that he would pay her back; Tucker denied this. Williamson and her witness said that Tucker bred his female dog with Williamson's male dog, Tucker's dog became pregnant and gave birth to puppies, and Tucker refused to pay Williamson or give her the puppies; Tucker denied this. The trial judge made credibility determinations based on his assessment of the witnesses' testimony. The court ultimately concluded that Williamson did not meet her burden of proving her case by a preponderance of the evidence. We cannot say that the trial court's decision was "completely wrong."

{¶ 12} Accordingly, we find Williamson's assignment of error not well-taken.

5.

### III.    Conclusion

{¶ 13} The decision of the trial court rested entirely on credibility determinations. Because the trial judge was in the best position to assess the witnesses' credibility, we are not in a position to reverse his decision.  We, therefore, find Williamson's assignment of error not well-taken and affirm the October 18, 2021 judgment of the Fremont Municipal Court, Small Claims Division.  Williamson is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                        _____
                                                JUDGE
Christine E. Mayle, J.          

Myron C. Duhart, P.J.                    _____
CONCUR.                                 JUDGE

                                            _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.